UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CHARLES A RASCO | CIVIL ACTION NO. 25-cv-145 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| SHAUNTE WELLS ET AL | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

### Introduction

Charles Rasco ("Plaintiff"), who is self-represented, filed this civil action against his former attorney, Shaunte Wells, and the law firm of Washington and Wells. Plaintiff alleges legal malpractice in violation of state law and his federal constitutional rights. For the reasons that follow, it is recommended that this civil action be dismissed for lack of subject matter jurisdiction.

### Relevant Allegations

Plaintiff alleges that he secured a safety deposit box at Chase Bank to safeguard property that included 126 rare coins. Chase Bank allegedly improperly drilled open the box in 2015 and erroneously allowed another bank customer, Ms. Arpino, to take possession of the property.

Plaintiff retained Shreveport attorney Shante Wells of the Washington and Wells law firm to pursue action against Chase Bank to recover his property and damages. Plaintiff alleges that Wells and his firm failed to diligently prosecute the case, leading to its eventual abandonment. Plaintiff asked for $15,000,000 in damages.

**Review of Subject Matter Jurisdiction**

The court has a duty to examine the basis for subject matter jurisdiction even if no party makes a challenge. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). Federal Rule of Civil Procedure 8(a) requires that a pleading that seeks relief contain "a short and plain statement of the grounds for the court's jurisdiction." "Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings. MidCap Media Fin., L.L.C. v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019), quoting Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988).

Plaintiff's complaint presents two potential grounds for subject matter jurisdiction. He first invokes 28 U.S.C. § 1332 and diversity jurisdiction. He also alleges that his claim "falls under federal jurisdiction" because of the substantive questions regarding the failure of his legal representation. This appears to rely on 28 U.S.C. § 1331, which allows for federal question jurisdiction. Complaint, ¶ 1.

**Diversity Jurisdiction**

Plaintiff invokes diversity jurisdiction based on 28 U.S.C. § 1332. That statute applies only if all persons on one side of the controversy are citizens of different states than all persons on the other side. MidCap Media, 929 F.3d at 313. Plaintiff alleges that he resides in Louisiana, and the address he lists for himself on his civil cover sheet is in Shreveport, Louisiana. There is no indication anywhere in the record that Plaintiff is a citizen of a state other than Louisiana. There is no basis for diversity jurisdiction if any defendant is also a citizen of Louisiana.

Plaintiff alleges that defendant Wells is a Louisiana-licensed attorney, and the service address provided for Wells is in Shreveport, Louisiana. The court is aware that Wells is a longtime Shreveport attorney. There is no indication in the record that Wells is a citizen of any state other than Louisiana. Plaintiff has not set forth affirmative jurisdictional allegations to indicate that there is diversity of citizenship between himself and Wells, so there is no basis for diversity jurisdiction under Section 1332.

**Federal Question**

Another potential basis for federal court jurisdiction is federal question jurisdiction, which is governed by 28 USC § 1331. The statute gives the federal court original jurisdiction of all civil actions "arising under" federal law. Jurisdiction under the statute is assessed based on the well-pleaded complaint rule. The rule provides that a federal court has jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint. Gutierrez v. Flores, 543 F.3d 251-52 (5th Cir. 2008).

Plaintiff's complaint primarily alleges legal malpractice, which is a claim that arises under state law. Plaintiff's coin suit was filed in state court against Chase Bank, removed to federal court based on diversity jurisdiction, and eventually remanded when a nondiverse defendant was added to the suit. Rasco v. JP Morgan Chase Bank, 2018 WL 6720441 (W.D. La. 2018). There is no indication that the underlying lawsuit involved federal claims, but it would not give rise to federal jurisdiction over the legal malpractice claim asserted in this case even if it had. The Fifth Circuit recognized in a legal malpractice claim based on representation in a federal trademark lawsuit that "[l]egal malpractice has traditionally been the domain of state law, and federal law rarely interferes with the power

of state authorities to regulate the practice of law." Singh v. Duane Morris, LLP, 538 F.3d 334, 339 (5th Cir. 2008). Singh held that the federal court lacked jurisdiction over legal malpractice claim despite the fact that the alleged malpractice occurred in a prior federal trademark suit. Resolution of the claims did not require resolving any substantial federal issue. See also Gunn v. Minton, 133 S.Ct. 1059 (2013) (legal malpractice claim did not arise under federal law even though it would be necessary for a court to decide an issue of patent law to resolve the malpractice claim). Plaintiff's legal malpractice claim is based solely on state law and does not give rise to subject matter jurisdiction under Section 1331.

Plaintiff's complaint alleges that the legal malpractice violated his constitutional rights to due process and the right to property preserved by the Fourteenth Amendment and the Fifth Amendment of the U.S. Constitution. Complaint, ¶ 3. He also alleges that prolonged delay in this case and the failure of his attorney to secure the return of his property constituted a violation of procedural due process actionable under 42 U.S.C. § 1983. Complaint, page 4. A similar allegation invokes Section 1983 and alleges that the legal malpractice amounted to a due process violation because Plaintiff was deprived of his property without a fair hearing and meaningful legal representation.

"To plead a constitutional claim under § 1983, [the plaintiff] must allege that a state actor violated his constitutional rights." Torres v. Livingston, 972 F.3d 660, 662 (5th Cir. 2020). State actors are persons such as policemen or corrections officers who are employed by the state or local government and act under color of state law. "[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983." Mills v. Criminal Dist. Court 3, 837 F.2d 677, 679 (5th Cir. 1988).

Accordingly, in Ingram v. Mooney, 680 Fed. Appx. 341 (5th Cir. 2017) the court dismissed an attempted Section 1983 claim against a private attorney who represented the plaintiff in a child custody case. All allegations in Plaintiff's complaint indicate that attorney Wells was engaged in private practice and was hired by Plaintiff to represent him in a civil dispute. There is nothing in Plaintiff's allegations to support the contention that Wells is a state actor, so there is no basis for a Section 1983 claim against him.

The next issue is whether to dismiss these asserted federal claims on the merits or for lack of jurisdiction. When a weak federal claim is asserted, the ordinary procedure is to find jurisdiction and then address the claim on the merits. But there is an exception "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly unsubstantial or frivolous." Bell v. Hood, 66 S.Ct. 773, 776 (1946). This standard is met where the plaintiff's claim has no plausible foundation or is clearly foreclosed by Supreme Court precedent. Williamson v. Tucker, 645 F.2d 404, 416 (5th Cir. 1981). The exception is designed to address situations such as this one where it would be fruitless to allow the plaintiff to continue even if the court could find general subject matter jurisdiction, because there is no plausible foundation for a federal claim against his former private attorney. Carmichael v. United Technologies Corp., 835 F.2d 109, 114 (5th Cir. 1988) (applying exception to baseless conspiracy claim). The appropriate course here is to dismiss the attempted federal claims, along with the rest of the civil action, for lack of subject matter jurisdiction.

**Conclusion**

Plaintiff has not set forth a factual basis for the court to exercise diversity jurisdiction, and he has not alleged a colorable federal claim that would support the exercise of federal question jurisdiction. It is possible that Plaintiff has alleged a state-law legal malpractice claim against his fellow Louisiana citizen, but such a claim must be pursued in state court. Plaintiff may be entitled to seek relief in state court on his legal malpractice claim, if it is timely under La. R.S. 9:5605(A), but this federal court lacks jurisdiction over his complaint.

Accordingly,

It is recommended that Plaintiff's complaint be dismissed without prejudice for lack of subject matter jurisdiction.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of February, 2025.

Mark L. Hornsby
U.S. Magistrate Judge